JOURNAL ENTRY AND OPINION
Defendant-appellant Sherman Jeffries (appellant) appeals from his conviction for possession of drugs. For the following reasons, we affirm appellant's drug conviction.
On July 19, 1999, the grand jury issued an indictment against appellant charging him with possession of drugs in violation of R.C. 2925.11 (Case No. CR-378749). At his arraignment on July 20, 1999, defendant entered a plea of not guilty to the charges set forth in the indictment.
Appellant had also been charged with attempted rape, kidnapping and aggravated burglary in Case No. CR-375725.[1] The jury trial of Case Nos. CR-375725 and CR-378749 commenced on July 27, 1999. Appellant has filed this appeal from the drug conviction in Case No. CR-378749. Therefore, in the interest of expediency, we will focus on the testimony pertinent to that conviction.
The state called Carnell Jeffries, appellant's brother, as its first witness. On April 26, 1999, Mr. Jeffries found appellant attempting to rape their mother. According to Mr. Jeffries, appellant appeared to be intoxicated. Mr. Jeffries testified that appellant had been using drugs that evening. Mr. Jeffries, who was considerably larger than his brother, had to hit appellant twice in the head to get appellant off their mother.
The state also produced the testimony of Officer Todd Marazzi of the Cleveland Police Department. Officer Marazzi and his partner responded to a call to 8810 Yale Avenue in Cleveland, Ohio. After talking to appellant's brother, the officers handcuffed appellant and placed him in the back of their zone car. Officer Marazzi read appellant the Miranda rights from a laminated card he carried in his vest pocket. Appellant indicated that he understood his rights.
The officers went back inside the house to talk to appellant's mother and brother. During a cursory search of the premises, the officers did not find any drug paraphernalia.
Approximately seven to eight minutes later, Officer Marazzi then returned to the zone car. Although advised of his right against self-incrimination, appellant volunteered to Officer Marazzi that he had been smoking crack all afternoon. Officer Marazzi testified that appellant was coherent. Appellant was transferred to a hospital via EMS.
Detective Alan Strickler also testified at trial. Detective Strickler and Detective Chappelle interviewed appellant at the police station. Prior to interviewing appellant, the detectives advised appellant of his constitutional rights. Appellant indicated that he understood his rights. Appellant did not indicate that he wanted an attorney present. Detective Strickler testified that appellant appeared to be competent to make a statement. During the course of the interview, appellant again admitted to smoking crack cocaine on the day in question.
Detective Chappelle typed appellant's statement. However, appellant refused to sign it and, instead, requested that the police terminate the interview. Detective Strickler acknowledged that the police did not obtain a drug test from appellant.
The state rested, and the defense moved for an acquittal on the drug charge because the prosecution failed to produce any physical drug evidence. The trial court overruled this motion.
After deliberation, the jury found appellant guilty on the charge of possession of drugs. The jury also found appellant guilty of gross sexual imposition and abduction in Case No. CR-375725.
In a journal entry filed on August 6, 1999, the trial court sentenced appellant to a prison term of six months on the drug charge. The court ordered that appellant's sentence run concurrent with his consecutive eighteen-month and six-year prison sentence in Case No. CR-375725. Therefrom, appellant filed a timely notice of appeal with this court.
 I. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN HIS STATEMENTS WERE ADMITTED WHEN HE HAD NOT BEEN PROPERLY ADVISED OF HIS RIGHTS.
In his first assignment of error, appellant argues that the trial court erred in admitting his extra-judicial statements to Detective Strickler and his partner because he was not properly advised of all of his Miranda rights. In particular, appellant insists that Detective Strickler failed to advise defendant that if he could not afford an attorney one would be appointed for him.
Recently, in Dickerson v. U.S. (U.S. June 26, 2000), No. 99-5525, 68 U.S.L.W. 4566, the Supreme Court of the United States reaffirmed the requirements set forth in Miranda v. Arizona (1966),384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. In Dickerson, the Court noted:
 * * * [t]he admissibility in evidence of any statement given during custodial interrogation of a suspect would depend on whether the police provided the suspect with four warnings. These warnings (which have come to known colloquially as Miranda rights) are: a suspect has the right to remain silent, that anything he says can be used against him in a court of law, that he has the right to the presence of an attorney, and that if he cannot afford an attorney one will be appointed for him prior to any question if he so desires.
Id., 68 U.S.L.W. at 4567 (emphasis added), quoting Miranda,384 U.S. at 479.
The prosecution bears the burden of proving by a preponderance of the evidence that the accused was advised of his four Miranda
rights. State v. Gumm (1995), 73 Ohio St.3d 413, 429. However, the Supreme Court of the United States has stated that Miranda does not require a talismanic incantation of the specific warnings.California v. Prysock (1981) 453 U.S. 355, 359, 101 S.Ct. 2806,69 L.Ed.2d 696.
In the instant case, Detective Strickler testified that he and his partner verbally advised appellant of his Miranda rights. When the prosecutor asked Detective Strickler which constitutional rights were contained in his warning, the detective stated:
 We advised him that there was an allegation against him, that he had a right to remain silent and anything that he would say could be used against him and also that he had a right to a lawyer present while making us a statement and we asked if he understood his rights. He said yes. (Tr. 329.)
On cross-examination, Detective Strickler stated:
 We asked him if he would like to give us a statement verbally after I advised him of his rights, that he had a right to remain silent, anything he would say could be used against him and that he had the right to have a lawyer present. He declined those rights or he waived those rights and chose to give us a statement. (Tr. 335).
Appellant notes that Detective Strickler's reiteration of theMiranda warnings provided to appellant did not include the fourth necessary advisement, viz., if he cannot afford an attorney one will be appointed for him. Upon review of the record, we find that the prosecution failed to elicit any testimony to support the proposition that appellant was advised of his right to an appointed counsel.
The prosecution emphasizes the fact that appellant had already been mirandized by Officer Marazzi when appellant was arrested. Officer Marazzi testified that he read appellant his Miranda rights from a laminated card the officer carried in his vest. Officer Marazzi paraphrased the warnings he provided to appellant as follows:
 * * * You have the right to remain silent. Anything you say can be used against you in a court of law. You have a right to an attorney. If you can't afford an attorney, one will be appointed to you by the County or the State. (Emphasis added.)
A law enforcement officer is not necessarily required to re-mirandize a suspect prior to each custodial interrogation. SeeState v. Cooey (1989), 46 Ohio St.3d 20, 27. In State v. Roberts
(1987), 32 Ohio St.3d 225, the Supreme Court of Ohio adopted a totality of the circumstances test to determine whether an initialMiranda warning has become stale and ineffective. Id. at 232. The criteria to be considered include: (1) the length of time between the giving of the first warnings and subsequent interrogation; (2) whether the warnings and the subsequent interrogation were given in the same or different places; (3) whether the warnings were given and the subsequent interrogation conducted by the same or different officers; (4) the extent to which the subsequent statement differed from any previous statements; and (5) the apparent intellectual and emotional state of the suspect. Id.
The application of these factors to the instant case demonstrates that Detective Strickler should have provided appellant with full and proper Miranda warnings prior to the second interrogation at the police station. We note that the initial warning by Officer Marazzi and the subsequent interrogation by Detective Strickler and his partner took place at different locations, and that different officers were involved. More importantly, there was a significant lapse of time between the initial Miranda warning and second interrogation, during which appellant was transported and treated at a hospital. Under these circumstances, the police were required to re-advise appellant of his Miranda rights, including the right to an appointed counsel.
However, the harmless error doctrine applies to Miranda
violations. Arizona v. Fulminante (1991), 499 U.S. 279, 310,111 S.Ct. 1246, 113 L.Ed.2d 302. An error in the admission of evidence is harmless when there is no reasonable possibility that the testimony contributed to the accused's conviction. State v. Lytle
(1976), 48 Ohio St.2d 391, at paragraph three of the syllabus. Where constitutional error in the admission of evidence is extant, such error is harmless beyond a reasonable doubt if the remaining evidence, standing alone, constitutes overwhelming proof of defendant's guilt. State v. Williams (1983), 6 Ohio St.3d 281, paragraph six of the syllabus.
In the instant case, appellant's admissions of drug use to Detective Strickler were merely duplicative of the statements appellant had already provided to Officer Marazzi. Based upon the other evidence presented at trial, viz., the testimony of Officer Marazzi and the testimony of appellant's brother, we find the admission of Detective Strickler's testimony concerning appellant's statements to be harmless beyond a reasonable doubt. Appellant's first assignment of error is overruled.
 II. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN HE WAS CONVICTED OF POSSESSION OF CRACK COCAINE.
 III. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT ADMITTED DEFENDANT'S STATEMENTS WITHOUT SOME PROOF OF THE OFFENSE.
In his second assignment of error, appellant contends that his incriminatory statements alone, without other corroborating evidence, were insufficient to support his conviction for possession of drugs. As for his final assignment of error, appellant argues that the trial court erred when it admitted his incriminatory statements without any other evidence of drug use, such as drug residue. We will consider these assignments of error concurrently as they involve similar issues of law and fact.
"It has long been established as a general rule in Ohio that there must be some evidence outside of a confession, tending to establish the corpus delicti, before such confession is admissible. State v. Maranda (1916), 94 Ohio St. 364, paragraph two of the syllabus. See also State v. Van Hook (1988), 39 Ohio St.3d 256,261. The extrinsic evidence and corroborating circumstances may be direct or circumstantial. Maranda, at 371. As the Supreme Court noted in Maranda:
 * * * The quantum or weight of such outside or extraneous evidence is not of itself to be equal to proof beyond a reasonable doubt, nor even enough to make it a prima facie case. It is sufficient if there is some evidence outside of the confession that tends to prove some material element of the crime charged."
Id. at paragraph two of the syllabus.
In the instant case, appellant's brother testified that appellant had been using drugs on the date in question. Appellant's incriminating statements concerning his use of crack cocaine that afternoon were also corroborated by his bizarre behavior.
The prosecution clearly satisfied the minimal requirement ofMaranda by producing some evidence of appellant's drug use independent of his incriminatory statements. Moreover, when combined with his brother's testimony and appellant's own inexplicable behavior, appellant's statements to Officer Marazzi were sufficient to support appellant's conviction for possession of drugs. Appellant's second and third assignments of error are overruled.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The Defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA A.BLACKMON, J. and ANNE L. KILBANE, J. CONCUR.
 _________________________________ LEO M. SPELLACY, PRESIDING JUDGE
[1] Prior to trial, the state amended the charges in Case No. CR-375725 to gross sexual imposition and abduction.